ALD-038                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3177
_____

ROHAN WALTERS,

                                                              Appellant

v.

WARDEN FAIRTON FCI*
*Amended Pursuant to F.R.A.P. 43(c)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:16-cv-01480)
District Judge:  Honorable Renee M. Bumb
_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2016
Before:  MCKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 6, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Rohan Walters appeals from a decision of the District Court of New Jersey denying his motion for reconsideration of the District Court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As his appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

After a 1997 jury trial in the Southern District of West Virginia, Walters was found guilty under, inter alia, 21 U.S.C. §§ 841(a)(1) (distribution of marijuana) and 846 (conspiracy to distribute marijuana), and sentenced to 405 months' imprisonment. The Fourth Circuit affirmed his conviction, United States v. Walters, 191 F.3d 449 (4th Cir. 1999) (table), and his efforts to obtain post-conviction relief have been unsuccessful. See United States v. Walters, 21 F. App'x 225 (4th Cir. 2001) (denying certificate of appealability and affirming denial of motion under 28 U.S.C. § 2255); United States v. Walters, 213 F. App'x 190 (4th Cir. 2007) (denying COA and affirming denial of motion to modify sentence); United States v. Walters, 377 F. App'x 333 (4th Cir. 2010) (affirming denial of petition for writ of audita querela).

In March 2016, Walters filed the habeas petition at issue in the District of New Jersey.[1] He argued that because of the Supreme Court's ruling in Burrage v. United States, 134 S. Ct. 881 (2014), he "is actually innocent of conviction on sentence based on drug finding by [the judge]." Accordingly, he requested that his sentence be vacated and his case remanded for re-sentencing. The District Court noted that Walters could use the

savings clause contained in 28 U.S.C. § 2255(e) only if the Supreme Court has held, in an intervening case, that the conduct forming the basis for his conviction is non-criminal, and that Walters may not use § 2241 to raise an argument based on Apprendi v. New Jersey, 530 U.S. 466 (2000). Accordingly, the District Court dismissed Walters's petition for lack of jurisdiction. Walters filed a timely motion for reconsideration under Fed. R. Civ. Pro. 59(e), arguing that Burrage had announced "a new statutory interpretation" and decriminalized the conduct for which he was convicted. He also contended that Burrage narrowed the scope of § 841(a)(1), and that he was consequently convicted without proof. The District Court pointed to the lack of any intervening change in controlling law that would change the determination, and denied the motion, Walters timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 2253(a).[2] We exercise plenary review over the District Court's dismissal of Walter's habeas corpus petition, see United States v. Fazio, 795 F.3d 421, 425 (3d Cir. 2015), and review the District Court's denial of his motion to reconsider for abuse of discretion, see Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

Section 2255 "must be used to raise a challenge to the validity of a [federal prisoner's] conviction or sentence unless that section is 'inadequate or ineffective.'"

---

[1] He is currently imprisoned at FCI-Fairton, in Fairton, New Jersey.
[2] Walters was not required to seek a COA for this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).

3

Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); see 28 U.S.C. § 2255(e). We have applied this safety valve only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Id.

The District Court properly dismissed Walters's § 2241 petition. Walters does not claim that his sentence was enhanced under the "death results" enhancement in § 841(b)(1)(C), merely that the District Court improperly determined the drug quantity rather than the jury. To that extent, Burrage is irrelevant to his case and his claim amounts to no more than the repetition of an Apprendi claim he raised unsuccessfully in prior proceedings. Even if Walter's sentence had been enhanced by the "death results" provision, Burrage did not decriminalize acts underlying Walter's conviction, but merely applied Apprendi. 134 S. Ct. at 886-87. As the District Court correctly noted, Apprendi-based arguments do not fall within the "safety valve" definition and may not be raised in § 2241. See Okereke, 307 F.3d at 120.

For the reasons stated above, we will summarily affirm the judgment of the District Court.